UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BONDS,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

Case No. 13-13846

Hon. Patrick J. Duggan

Magistrate Judge Charles E. Binder

## OPINION AND ORDER

Plaintiff David Bonds seeks judicial review of a final decision of Defendant Commissioner of Social Security denying his application for Supplemental Security Income ("SSI") pursuant to Title XVI of the Social Security Act. Plaintiff's SSI application, protectively filed on May 14, 2010, alleged a disability onset date of September 18, 2008 due to a combination of mental and physical impairments. The Social Security Administration initially denied Plaintiff's application, and, on November 1, 2011, Administrative Law Judge ("ALJ") Kathleen H. Eiler conducted a *de novo* hearing at which Plaintiff, represented by counsel, appeared and testified.

The ALJ issued a decision on December 9, 2011, finding Plaintiff not disabled because there are jobs that exist in significant numbers in the national

economy that Plaintiff can perform. The ALJ's decision became the final decision of the Commissioner on July 25, 2013, when the Social Security Appeals Council denied review. Plaintiff initiated the instant suit seeking judicial review of the Commissioner's unfavorable decision on September 10, 2013.

The case was referred to a United States Magistrate Judge for a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of Michigan Local Rule 72.1(b)(3). Thereafter, the parties filed cross motions for summary judgment. On October 28, 2014, Magistrate Judge Charles E. Binder filed his R&R, recommending that Plaintiff's motion be denied, that Defendant's motion be granted, and that the findings of the Commissioner be affirmed. At the conclusion of the R&R, Magistrate Judge Binder advised the parties that they may object to and seek review of the R&R within fourteen days of service upon them. Plaintiff filed objections on November 11, 2014 and Defendant responded on November 24, 2014. Plaintiff's objections to the R&R are before presently before Court. For the reasons set forth herein, the Court will reject Plaintiff's objections and grant summary judgment in favor of Defendant.

## I. STANDARD OF REVIEW

This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g), which provides, in pertinent part:

economy that Plaintiff can perform. The ALJ's decision became the final decision of the Commissioner on July 25, 2013, when the Social Security Appeals Council denied review. Plaintiff initiated the instant suit seeking judicial review of the Commissioner's unfavorable decision on September 10, 2013.

The case was referred to a United States Magistrate Judge for a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of Michigan Local Rule 72.1(b)(3). Thereafter, the parties filed cross motions for summary judgment. On October 28, 2014, Magistrate Judge Charles E. Binder filed his R&R, recommending that Plaintiff's motion be denied, that Defendant's motion be granted, and that the findings of the Commissioner be affirmed. At the conclusion of the R&R, Magistrate Judge Binder advised the parties that they may object to and seek review of the R&R within fourteen days of service upon them. Plaintiff filed objections on November 11, 2014 and Defendant responded on November 24, 2014. Plaintiff's objections to the R&R are before presently before Court. For the reasons set forth herein, the Court will reject Plaintiff's objections and grant summary judgment in favor of Defendant.

## I. STANDARD OF REVIEW

This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g), which provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .

Judicial review under this statute is limited: the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted).

A district court's review of an ALJ's factual findings involves application of the substantial evidence standard.  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks omitted).  If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes . . . a zone of choice

3

within which the decisionmakers can go either way, without interference by the courts") (internal quotation marks omitted).

When reviewing the Commissioner's factual findings for substantial evidence, courts are limited to examining the record and must consider that record as a whole. *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007); *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992) (explaining that courts reviewing the Commissioner's factual findings for substantial evidence must consider the evidence in the record as a whole, including evidence which might subtract from its weight). Federal courts may "not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (citing *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)).

The other line of judicial inquiry – reviewing for correctness of the ALJ's legal analysis – may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.*

(quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)); *cf. Buchanan v. Apfel*, 249 F.3d 485, 492 (6th Cir. 2001) (the Commissioner has a clear, nondiscretionary duty to comply with social security regulations).

Courts review *de novo* the parts of an R&R to which a party objects. Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). Courts are not, however, "required to articulate all the reasons it rejects a party's objections." *Thomas*, 131 F. Supp. 2d at 944.

## II.   DISCUSSION

### A.   Disability Framework

Under the Social Security Act (hereinafter, the "Act"), supplemental security income is "available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability" as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505 (DIB); 20 C.F.R. § 416.905 (SSI).

Under the authority of the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4). If an ALJ determines that the claimant is or is not disabled at a step of the evaluation process, the evaluation

does not proceed. *Id.* However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must continue to the next step. *Id.* "The burden of proof is on the claimant through the first four steps. . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity.[1]  20 C.F.R. § 404.1520(a)(4)(i).

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities.[2]  20 C.F.R. § 404.1520(a)(4)(ii) and (c).

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairment meets

---

[1] The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since May 14, 2010, the date Plaintiff filed his application. (AR 29.)

[2] The ALJ concluded that Plaintiff had the following severe impairments: history of ankle fracture, chronic back pain, headaches, obesity, anxiety disorder, and affective disorder. (AR 29.) The ALJ further noted that Plaintiff had sleep apnea, but that this impairment was non-severe. (*Id.*)

any Listing, he or she is determined to be disabled regardless of other factors.[3]  *Id*.

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work.[4]  20 C.F.R. § 404.1520(a)(4)(iv).

5. At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1420(a)(4)(v).  If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[5]  *Id*.

---

[3] The ALJ opined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. (AR 29.)

[4] The ALJ found that Plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can never push or pull or operate foot pedals with his right lower extremity.  He can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs.  Likewise, the claimant can occasionally stoop, crouch, kneel, and crawl.  The claimant should avoid concentrated exposure to workplace hazards, such as moving machinery and unprotected heights.  He retains the mental capacity to perform simple, routine, repetitive task [*sic*].  The claimant can occasionally interact with supervisors and coworkers, but should never interact with the general public.  He requires a low-stress work environment, meaning only occasional changes in the work setting." (AR 31.)  Based on this RFC evaluation, the ALJ, deferring to the testimony of the impartial vocational expert, concluded that Plaintiff was unable to perform his past relevant work. (*Id.* at 36.)

[5] At step five, the ALJ, again with the assistance of the impartial vocational expert, concluded that there are jobs that exist in significant numbers in that national economy that Plaintiff is able to perform.  (AR 36.)  Specifically, the ALJ determined that Plaintiff could work as an assembler, a packager, or dishwasher.  As a result of this finding, the ALJ concluded that Plaintiff was not under a disability as defined by the Act.  Magistrate Judge Binder found substantial evidence in the record to support this finding.

7

**B.     Objections**

Plaintiff raises two objections to Magistrate Judge Binder's R&R, in which Magistrate Judge Binder concludes that the decision of the Commissioner is supported by substantial evidence and should, therefore, be affirmed. These objections both relate to Plaintiff's mental limitations and the ALJ's consideration of those limitations.

Objection # 1:

In his first objection, Plaintiff takes issue with the ALJ's RFC formulation and the hypothetical posed to the vocational expert, explaining that the ALJ failed to adequately account for Plaintiff's "moderate" limitation with regard to "concentration, persistence, or pace." Instead, the ALJ addressed this moderate limitation by limiting Plaintiff to "simple, routine, repetitive task[s,]" which, according to Plaintiff, was erroneous. (AR 31.)

As an initial matter, the ALJ's reference to moderate difficulties with regard to concentration, persistence, or pace was in the portion of her decision considering whether the objective medical evidence satisfied the "paragraph B" criteria for mental impairments. (AR 31.) Notably, the limitations identified in the "paragraph B" criteria are not a RFC assessment, but rather, are used to rate the severity of mental impairments at steps two and five of the sequential analysis. Therefore, Plaintiff's suggestion that the ALJ failed to incorporate this limitation in

the RFC analysis is not well-taken. Further, the state agency reviewing psychologist who determined Plaintiff had moderate limitations in concentration, persistence, and pace, Bruce Douglass, Ph.D., opined that Plaintiff "retains the capacity to perform routine, two-step tasks on a sustained basis." (*Id.* at 34, 77.) The ALJ accorded Dr. Douglass's opinion "significant weight" because it was corroborated by the medical evidence of record. (*Id.* at 35.)

To the extent Plaintiff challenges the hypothetical question posed to the vocational expert, the Court notes that the ALJ incorporated the following restrictions into Plaintiff's RFC: (1) Plaintiff's mental capacity is limited to performing simple, routine, and repetitive tasks; (2) Plaintiff can occasionally interact with supervisors and coworkers, but never the general public; and (3) Plaintiff requires a low-stress work environment, meaning only occasional changes in a routine work setting. (*Id.* at 31.) As Magistrate Judge Binder recognized, Plaintiff does not explain what other restrictions should have been incorporated or point to medical evidence to substantiate any additional restrictions. *Berkowski v. Comm'r of Soc. Sec.*, 652 F. Supp. 2d 846, 860 (E.D. Mich. 2009) ("Conspicuously absent from Plaintiff's . . . argument that the RFC and hypothetical question are 'fatally defective' is a reference to any specific work-related mental limitation or evidence of the same which the ALJ failed to consider, failed to include in the RFC or requires a more restrictive limitation than that set forth in the RFC.").

Although the Court acknowledges the authorities cited and relied upon by Plaintiff, many of which do indeed indicate that moderate deficiencies in concentration, persistence, and pace should be explicitly accounted for in hypotheticals posed to vocational experts, the Court is not persuaded that the ALJ erred in the instant case, as the question comported with the medical opinion of Dr. Douglas.  *See, e.g.*, *Edwards v. Barnhart*, 383 F. Supp. 2d 920, 931 (E.D. Mich. 2005).  An ALJ is not required to include the phrase "moderate deficiencies in concentration, persistence, and pace" or other talismanic language in a hypothetical.  *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).  This Court declines to adopt the position urged by Plaintiff that the limitations of "simple, routine, [and] repetitive" are always insufficient to address moderate difficulties in concentration, persistence, and pace.  *See, e.g.*, *Sutherlin v. Comm'r of Soc. Sec.*, No. 10-10540, 2011 U.S. Dist. LEXIS 11987, (E.D. Mich. Feb. 8, 2011) (Cook, J.) (evidence of record did not require more than a hypothetical limitation of one to two step tasks despite a finding of moderate deficiencies in concentration, persistence, and pace).

For these reasons, the ALJ's determination was supported by substantial evidence and overrules Plaintiff's first objection.  Magistrate Judge Binder did not err in so finding.

Objection # 2:

10

In his second objection, Plaintiff objects to Magistrate Judge Binder's conclusion that "the ALJ properly considered and explained Dr. Douglass's opinion and did not err in finding that Plaintiff had only mild restrictions in activities of daily living[.]" (R&R 13.) Plaintiff also objects to Magistrate Judge Binder's conclusion that even if the ALJ erred in finding that Plaintiff was only mildly restricted in his activities of daily living, the error would be harmless. (*Id.*) Plaintiff does not, however, point to facts or cite to any law in support of either argument.

Magistrate Judge Binder noted that the "ALJ determined that Plaintiff has mild limitations in activities of daily living[,]" and that, in making this finding, "the ALJ considered the medical records and other evidence of record, including Plaintiff's testimony and reports." (*Id.* at 11.) Further, as the R&R indicates, "[t]he ALJ gave reasons to support the limitation[.]" (*Id.*) Having reviewed the record, the Court is unable to conclude that the ALJ's decision was not supported by substantial evidence. As with the first objection, Plaintiff points to no evidence in support of the contention that the ALJ erred in finding that Plaintiff had only mild limitations in activities of daily living.

### III. CONCLUSION AND ORDER

The Court's rejection of Plaintiff's objections should not be read to trivialize Plaintiff's psychological conditions. However, based on a review of the record as

11

a whole, the ALJ's decision is well within the "zone of choice" accorded to finders of fact at the administrative hearing level. *Mullen*, 800 F.2d at 545. The Court concludes that the ALJ's decision denying benefits is supported by substantial evidence and that the decision should therefore be affirmed.

Accordingly,

**IT IS ORDERED** that the Court **OVERRULES** Plaintiff's objections, **ADOPTS** Magistrate Judge Binder's R&R, **DENIES** Plaintiff's Motion for Summary Judgment, and **GRANTS** Defendant's Motion for Summary Judgment.

Dated: February 25, 2015

            s/PATRICK J. DUGGAN
            UNITED STATES DISTRICT JUDGE

Copies to:

**Hugh R. LeFevre, Esq.**
**Mikel E. Lupisella, Esq.**
**Meghan O'Callaghan, Esq.**
**Theresa M. Urbanic, AUSA**
**Magistrate Judge Charles E. Binder**